# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,      Case No. 17-20184

v.                              Judith E. Levy
                               United States District Judge
James Bowens (D-7),      Mona K. Majzoub
                               Magistrate Judge
        Defendant.

_____/

# ORDER DENYING DEFENDANT JAMES BOWENS' MOTION FOR BOND [518]

On March 12, 2020, pursuant to a Rule 11 plea agreement, Defendant James Bowens pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 505.) Specifically, Defendant admitted that held a leadership position in the enterprise "YNS"—"Young and Scandalous" or "Young and Skantless"—a gang that engages in drug trafficking and that often uses armed and violent means to maintain control over the Brightmoor neighborhood in Detroit, Michigan. (*Id.* at PageID.7302-7303.) Defendant has been detained since February 2018 and is scheduled to be sentenced on July 21, 2020. (ECF No. 514.)

On April 1, 2020, Defendant moved for revocation of bond, arguing that the danger posed to him by the COVID-19 pandemic constitutes an "exceptional reason" for release under 18 U.S.C. § 3145(c). (ECF No. 518.) For the following reasons, Defendant's motion is DENIED.

As an initial matter, the Court acknowledges the increased risk posed to Defendant by the COVID-19 pandemic. Defendant argues that he suffers from serious heart issues and a high BMI. (*Id.*) These are both conditions that increase Defendant's risk of a dire outcome if exposed to COVID-19. *Those Who Are At Higher Risk*, Centers for Disease Control and Prevention (Apr. 8, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

The Court also acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his confinement in the Livingston County Jail. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*,

Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. Indeed, as of March 27, 2020, Michigan jails are attempting to lower their detained populations "as officials scramble to remove people thought to be at high risk of contracting the coronavirus, but little risk to the general public if they were not behind bars." James David Dickson, *Jail populations plunge in Metro Detroit as coronavirus spreads*, Detroit News (March 27, 2020), khttps://www.detroitnews.com/story/news/local/macomb-county/2020/03/27/jail-populations-plunge-metro-detroit-coronavirus-spreads/2914358001/.

Defendant's case does not fit this description. Unlike many individuals currently seeking bond due to concerns about contracting COVID-19, Defendant faces mandatory pre-sentence incarceration. As Defendant acknowledges, 18 U.S.C. § 3143(a)(2) requires the following:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition of execution of sentenced be detained unless—
>
> (A)

> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*See id.* This section applies to Defendant because he pled guilty to racketeering conspiracy: an offense covered by 18 U.S.C. § 3142(f)(1) for which the maximum sentence is life in prison. *See* 18 U.S.C. §§ 1963(a), 3142(f)(1)(b) (covering "an offense for which the maximum sentence is life imprisonment or death"). Additionally, this Court took Defendant's guilty plea, and determined that it was knowing and voluntary. Defendant would therefore have no basis for filing a motion for acquittal or for a new trial. Thus, Defendant cannot satisfy the § 3143(a)(2) requirements for post-plea release.

Nor can the Court release defendant pursuant to 18 U.S.C. § 3145(c). This provision allows a judicial officer[1] to release a post-plea

---

[1] A district judge is a "judicial officer" within the meaning of 18 U.S.C. § 3145(c). *United States v. Cook*, 42 Fed. Appx. 803, 804 (6th Cir. 2002) ("Although the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, we are not convinced that it is meant to be an instruction limited to the court of appeals.")

defendant under two conditions: first, the defendant must "meet[] the conditions of release set forth in section 3143(a)(1) or (b)(1)"—in other words, the defendant must demonstrate "by clear and convincing evidence that the[y] are not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3145(c); § 3143. Second, the defendant must "clearly show[] that there are exceptional reasons why such person's detention would not be appropriate." § 3145(c).

The Court need not discuss whether the COVID-19 pandemic constitutes an "exceptional reason" in this case, because Defendant cannot demonstrate that he would not pose a danger to the public if released. To this point, Defendant argues the following:

> The Court heard the trial. From the evidence, it was clear that Mr. Bowens was not a member of YNS and was not involved in any of the serious crimes in Brightmoor. His role in the conspiracy was that of a narcotic trafficker in West Virginia. Although there were some allegations of assaultive behavior in West Virginia, this is not what he pled to, instead his factual basis in the Rule 11 consisted of narcotic trafficking acts.

(ECF No. 518, PageID.8023.)

The Court did hear the trial testimony and disagrees with Defendant's characterization of it. Defendant's arguments are

5

insufficient to demonstrate that he would not pose a danger to the public if released. Though the Court is not required to consider the release factors set forth in 18 U.S.C. § 3142(g) when performing a § 3145(c) analysis, some courts have found the factors helpful in determining whether a defendant has demonstrated that he is unlikely to pose a danger to the public. *See, e.g.*, *United States v. Tolbert*, No. 3:09-CR-56, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017). These factors are: the nature and circumstance of the offense charged, the weight of the evidence of dangerousness against the defendant, the defendant's history and characteristics, and the nature and seriousness of any danger posed to any person or the community if the defendant were to be released. 18 U.S.C. § 3142(g).

Careful consideration of these factors leads the Court to conclude that Defendant's release would pose a threat to the community, and that accordingly, Defendant is not entitled to bond. As to the first factor, § 3142(g) expresses a concern for underlying offenses that involve firearms and controlled substances. *Id*. Defendant's guilty plea to a drug-dealing racketeering conspiracy involves both. Defendant was particularly involved in the narcotics trafficking and personally facilitated the

6

interstate distribution between Michigan and West Virginia. (ECF No. 505, PageID.7303-7306.) This factor counsels against release.

Second, as to the weight of the evidence, there is a great deal of evidence that Defendant would pose a danger to the community if released. Though Defendant did not plead to several of the more physically violent allegations in the original complaint against him, he did plead to being involved with a gang that employed—and continues to employ—violence to facilitate its control over the Brightmoor Detroit neighborhood and residents. (*Id.* at PageID.7303-7305.) Specifically, Defendant admitted that he helped create "a publicly accessible video entitled 'YNS Da Mob—Whats Understood" . . . promot[ing] their association and the existence and violent reputation of YNS." (*Id.* at PageID.7305.) Regardless of whether Defendant is himself a physically violent person, the Court finds that the potential for his return to involvement with the YNS gang would constitute a serious danger to the community.

Finally, though Defendant's particular susceptibility to COVID-19 counsels in favor of his release—and the Court is deeply concerned about Defendant's wellbeing at Livingston County Jail during this frightening

7

time—the Court nevertheless concludes that the evidence of Defendant's dangerousness to the public, if released, tips the balance against him. Defendant is therefore not entitled to bond. 18 U.S.C. § 1343(a).

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: April 14, 2020  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2020.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager